OPINION
{¶ 1} Defendant-appellant Angela Wright appeals the sentence imposed by the Coshocton County Court of Common Pleas following her plea of guilty to three counts of theft, felonies of the fifth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND LAW {¶ 2} On November 22, 2004, appellant was indicted on two counts of theft by deception in violation of R.C. 2913.02(A)(3), felonies of the fifth degree, one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, and five counts of forgery by uttering in violation of R.C. 2913.31(A)(3), felonies of the fifth degree. Appellant entered into a plea agreement on March 18, 2005, in which she pleaded guilty to three counts of felony theft.
 {¶ 3} On May 5, 2005, following a pre-sentence investigation, the trial court sentenced appellant to three concurrent ten month sentences, and ordered that her resultant ten month sentence be served consecutively with any other sentences she was serving at the time. The court made this finding based upon the appellant's scope and extent of involvement in the thefts with which she had been charged, as well as thefts in other counties, and stated that "[i]n imposing a consecutive sentence, the Court notes the previous criminal offenses of the defendant. The Court also finds that imposition of a minimum sentence would demean the seriousness of the offenses and not adequately protect the public." The appellant appeals, setting forth one assignment of error:
 {¶ 4} I. "THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT COMPLYING WITH THE REQUIREMENTS OF OHIO REVISED CODE 2929.14(E)(4)."
 {¶ 5} Appellant, in her sole assignment of error, argues that the trial court erred in ordering that her ten month sentence be served consecutively with other sentences she was serving at the time of sentencing. We agree.
 {¶ 6} The appellant, citing State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, and R.C. 2929.14(E)(4), argues that before the trial court can impose consecutive sentences it must first make findings and state its reasons on the record for the imposition of such a sentence. Appellant argues that, because the trial court did not make findings as outlined in 2929.14(E)(4) before ordering the ten month sentence to be served consecutively with other sentence(s), she is entitled to reversal and remand for re-sentencing.
 {¶ 7} Subsequent to the May 5, 2005, judgment entry of the trial court and the November 10, 2005, brief of appellant, the Ohio Supreme Court announced its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In Foster, the Court reviewed Ohio's sentencing laws in light of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2538, Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Ring v.Arizona (2002), 536 U.S. 584, 122 S.Ct. 2428. The Foster Court held: "The following sections, because they either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929.14(B),2929.19(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C. 2929.14(C), which requires judicial fact-finding for maximum prison terms, and 2929.14(E)(4), which requires judicial findings for consecutive terms. R.C. 2953.08(G), which refers to review of statutory findings for consecutive sentences in the appellate record, no longer applies. We also excise R.C. 2929.14(D)(2)(b) and (D)(3)(b), which require findings for repeat violent offenders and major drug offenders."
 {¶ 8} Id. at ¶ 97. The Court determined further that sentences based upon unconstitutional statutes are void, and the appropriate disposition is to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Id. at ¶ 103.
 {¶ 9} Accordingly, Appellant's assignment of error is sustained.
 {¶ 10} Appellant's sentence is ordered vacated, and the case remanded to the trial court for re-sentencing in accordance withFoster, supra.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas as to sentencing is vacated and this matter is remanded to that court for further proceedings. Costs assessed to appellee.